CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 12 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DERWIN OSBOURNE, | ) | Civil Action No. 7:12-cv-00301 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Derwin Osbourne, a Virginia inmate proceeding pro se, filed a motion for a preliminary injunction, which I construe as also being a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Harold Clarke, Director of the Virginia Department of Corrections ("VDOC"); Robert McDonnell, Governor of Virginia; R. Mathena, Warden of the Red Onion State Prison ("ROSP"); J. Kiser, the ROSP Assistant Warden; A. Kilbourne, a ROSP Unit Manager; and Lara K. Jacobs, an Assistant Attorney General of Virginia. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I deny the motion for preliminary injunctive relief and dismiss the complaint without prejudice as frivolous.

Plaintiff alleges the following information. Plaintiff notified defendants that he is "at risk of serious injury or harm," but defendants have not acted on plaintiff's behalf. Plaintiff is a "hostage" at the ROSP as a result of an unspecified "collusion" in the Fairfax General District Court.[1] ROSP staff discovered that plaintiff now knows of the "collusion," and staff threaten plaintiff and steal, damage, or destroy plaintiff's property. Consequently, plaintiff's incarceration

---

[1] Plaintiff believes that his state court conviction violates Virginia Code § 19.2-241, and he cites transcripts of a state court proceeding where a General District Judge explains he does not have jurisdiction about something related to a grand jury. Section § 1983 is the means to vindicate federal civil rights, not to address violations of state law. Plaintiff already unsuccessfully petitioned via 28 U.S.C. § 2254 to vacate the convictions entered in June 1994 by the Circuit Court of Fairfax County for, inter alia, first-degree murder and malicious wounding. Osbourne v. Johnson, No. 2:05-cv-00160 (E.D. Va. Feb. 14, 2006). To the extent petitioner wants to again challenge these convictions, he may ask the Fourth Circuit Court of Appeals for permission to file a successive § 2254 petition.

causes "duress daily[,]" and he experiences headaches, chest pains, numbness, and constant thoughts of revenge. "No medical treatment or care is being provided in any manner for the internal or external problems [plaintiff] ha[s]."

Plaintiff complains that he is in segregation, is escorted around ROSP with a K-9 dog, and cannot buy food. ROSP officials will not use their own grievance system to tell local officials about plaintiff's situation and do not give plaintiff free postal stamps. Plaintiff concludes, "I am now forced to fight off my oppressors to put an end to the racist mistreatment by using my license to defend [my]self at any cost." Plaintiff seeks equitable relief to compel defendants' "services."

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

The facts about being escorted by a K-9 dog, being in segregation, not being able to buy food from a commissary, and not receiving free postal stamps do not implicate an Eighth or Fourteenth Amendment violation. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995);

2

Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997); Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996); Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978). Verbal harassment and idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, cannot constitute a viable § 1983 claim. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life are not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).

Allegations that prison officials intentionally or negligently deprived an inmate of property while acting outside the scope of official policy or custom do not state any constitutional claim if a meaningful post-deprivation remedy for the loss is available.[2] Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled in irrelevant part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Plaintiff has a post-deprivation remedy under Virginia law, the Virginia Tort Claims Act. See VA. CODE § 8.01-195.3. "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, plaintiff cannot prevail on a § 1983 claim against VDOC officials based on the

---

[2] Nothing indicates that an official policy or custom caused a deprivation of property.

3

alleged property loss. See Artis v. Mapp, No. 91-6016, 1991 U.S. App. LEXIS 7122, at *1, 1991 WL 61299, at *1 (4th Cir. Apr. 24, 1991) (per curiam) (affirming with the modification that an inmate's complaint about the state's deprivation of his property is frivolous because of the availability of a post-deprivation remedy).

Plaintiff does not explain how a defendant is related to his general allegation that "[n]o medical treatment or care is being provided." A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff wholly fails to address the elements of an Eighth Amendment medical claim, and I decline to construct such a claim for him. Plaintiff instead relies on the mere conclusion that he is not receiving medical care of his de minimis "conditions" of anger, chest pains, numbness, and headaches. None of the defendants are medical staff, plaintiff does not describe any relationship between a defendant and the purported lack of medical care, and supervisory liability under § 1983 may not be predicated on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978).

Plaintiff does not sufficiently allege any defendant's specific act or omission for me to infer a viable § 1983 claim. Plaintiff fails to establish any likelihood of success on the merits of the action; that he is likely to suffer irreparable harm; that the balance of equities tips in his favor; and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). Accordingly, I deny plaintiff's motion for preliminary injunctive relief as meritless and dismiss the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 12th day of July, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge